**Emory M. SHOFNER, Appellant,**

v.

**ILLINOIS CENTRAL RAILROAD COMPANY, Appellee.**

**No. 18811.**

United States Court of Appeals Fifth Circuit.

May 9, 1962.

Philip Mansour, Greenville, Miss., for appellant.

Roy D. Campbell, Jr., W. C. Keady, Greenville, Miss., for appellee.

On Petition For Rehearing

Before RIVES, CAMERON and BROWN, Circuit Judges.

PER CURIAM.

Appellant's petition for rehearing is based solely on the decision of the Supreme Court of Mississippi in Illinois Central Railroad Company v. Williams, 135 So.2d 831, and upon the assumption that we did not consider that case in deciding this one. The fact is that we did

give careful consideration to the Williams case before filing our opinion and did not then, and do not now, think it is controlling. In Williams, the suit was tried by the chancellor who found all of the important facts in favor of Williams and against the Railroad Company. The Mississippi Supreme Court decided nothing more than that there was evidence in the record upon which the findings of the chancellor were justified:

"As an appellate court, our function on this appeal is to decide whether the chancellor, as the trier of facts, was manifestly wrong in his findings, or, stated differently, whether there was substantial evidence to support the decision of the chancery court. * * * Since the chancellor resolved all conflicts in favor of the appellees, we must view the facts in the light most favorable to them, and consider as true all evidence in their favor, together with all reasonable inferences which may be drawn therefrom. * * *" [Page 833.]

The facts in that case are materially different from those before us. Here, Colonel Shofner was familiar with the crossing; there, Williams was not. Here, automatic flashing light signals were operating between Shofner and the train; there, there was no light at all at the crossing except a street light located 104 feet away. There, an ordinance of the City of Jackson, which the court found valid, required a light to be erected at the crossing and the railroad was violating that ordinance. No such situation existed here. Williams was proceeding up a steep hill on a rough road, while Shofner was driving on a smooth road and the grade was almost imperceptible. Williams was facing an electric generating plant on which 180 electric lights were burning, totaling 37,100 watts. Here, Shofner was facing only the parking lights of one automobile.

We think that the petition for rehearing is without merit and it is hereby

Denied.